**SO ORDERED.**

**DONE and SIGNED March 31, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUSISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| April Lyree Ford | § | Case Number: 11-13052 |
| | § | |
| Debtor | § | Chapter 13 |

### MEMORANDUM OPINION REGARDING CONFIRMATION OF DEBTOR'S POST CONFIRMATION AMENDED PLAN

On March 27, 2015, the Chapter 13 Trustee uploaded a form of order recommending and approving the Chapter 13 plan modification at docket #42, filed on March 24, 2015. That modification states as follows:

> Summary/Reasons for Modification: Debtor proposes this modification to show the correct amount charged for the post confirmation modification. Also this plan has been revised to show treatment to Capital One Auto Finance and 1st Heritage. Leaving the dividend at $,113.63 (sic)

Modification is based on the premise that, during the life of the plan, circumstances may change, and parties should have the ability to modify the plan accordingly. *Meza v. Truman* (*In re Meza*), 467 F.3d 874 (5th Cir. 2006); *See also Washington v. Countryman*, 390 B.R. 843 (E.D. Tex. 2007). The proponent of the plan modification bears the burden to prove the conditions for approval of the modified plan. *Max Recovery, Inc. v. Than (In re Than),* 215 B.R. 430 (B.A.P. 9th Cir. 1997); *In re Edwards,* 190 B.R. 91, 93–95 (Bankr. M.D. Tenn. 1995).

The modification filed by the debtor fails to state any intelligent reason to modify the Chapter 13 plan. If circumstances have changed, then the motion should specifically so state. The statements offered by the debtor as a summary/reason for modification are insufficient to advise the Court of the reasons the Chapter 13 plan is being modified, and there are no allegations of any changed circumstances.

The Court cannot decipher the cryptic pleading of the debtor, and it appears that it conflicts with the modified plan provision that provides that the amount to be paid to non-priority, general unsecured creditors is $3,404.29 and not $,113.63 (sic) as plead. *See* Docket # 42, page 1.

Again, as in previous cases, the Court reviewed the docket in this case in an attempt to determine the summary/reasons for the modification. *See, e.g. In re Franklin*, 13-10200. Specifically, the Court reviewed the prior proposed, but never approved, modified plans that were filed by the debtor at docket numbers 33 and 38.

Here, in a previous pleading (Docket No. 33), which unfortunately is not before the Court, is the missing information that should be present in the modification recommended by the Chapter 13 Trustee. It provides:

> Summary/Reasons for Modification: Debtor proposes this modification to comply with an Adequate Protection Order by Branch Banking & Trust. Debtor proposes to include arrears, administrative fees, and attorney fees to Branch Banking & Trust in the amount of $3,479.44. Debtor proposes to direct pay regular monthly mortgage payments for the

months of January and February of 2015 directly to Branch Banking & Trust, and to include current mortgage payments to be paid through the trustee beginning in March 2015 in the amount of $12,057.15. Debtor proposes $23,684.00 total paid in for months 1-37, $825.00 per month for months 38-39, then $1,400.00 per month for months 40-60.

That information would be germane to plan modification but is for some reason excluded from the modification recommended by the Chapter 13 Trustee. It is not, however, the Court's duty to hunt and peck the docket to determine why a modification is filed. The proposed modification should stand on its own without a time consuming and unnecessary "find a needle in a haystack" docket search by the Court.

The Court is frustrated with the ongoing pleading deficiencies and notes that this is not the first time these types of deficiencies have occurred with this law firm. Denial of the modification potentially does harm to the debtor, but these pleading deficiencies are repetitive and must be stopped. Therefore, the Court has entered an order granting the modification, but expressly finds that debtor's counsel is not entitled to an attorney fee for its preparation and prosecution of the modification. It also finds the quality of legal work on the modification is sufficiently lacking that an award of fees is inappropriate.

**IT IS SO ORDERED.**

###